# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BERNABE SALAZAR, JR. as Parent and )
Next Friend of MARK ANGEL )
SALAZAR, Deceased, )
                                                   Plaintiff, )
                                                    )
vs. ) Case No. CIV-16-458-M
                                                  )
THE CITY OF OKLAHOMA CITY, )
ex rel., OKLAHOMA CITY POLICE )
DEPARTMENT and RYAN STARK, )
                                                  )
                                              Defendants. )

## ORDER

Before the Court is defendant the City of Oklahoma City's ("City") Motion to Dismiss Plaintiff's Complaint and/or a Portion Thereof, filed May 26, 2016. On June 3, 2016, City filed a Notice to the Court advising the Court that it had now been properly served and that its Proposition No. 1 in its Motion to Dismiss was now moot. On June 22, 2016, plaintiff filed his response, and on June 29, 2016, City filed its reply. Also before the Court is defendant Ryan Stark's ("Stark") Motion to Dismiss, filed June 3, 2016. On June 22, 2016, plaintiff filed his response, and on June 29, 2016, Stark filed his reply.

I.    Introduction[1]

On August 24, 2014, Mark Salazar ("Salazar") was involved in a police pursuit. At some point during the pursuit, Stark released his law enforcement canine, and the canine attacked Salazar. In response, Salazar began to protect himself from the attack. Stark then began to shoot Salazar who

---

[1] The facts contained in this Introduction are based upon the facts alleged in plaintiff's Complaint.

was lying on the ground. Specifically, Stark fired six shots in the body of Salazar, including one in his upper left arm, four shots in his back, and one in his left thigh, which ultimately killed Salazar.

On May 4, 2016, plaintiff Bernabe Salazar, Jr., the father of Salazar, filed the instant action. Plaintiff asserts the following causes of action against defendants: (1) excessive force[2], (2) 42 U.S.C. § 1983, (3) failure to train, supervise, and control[3], (4) negligence, (5) infliction of emotional distress, and (6) assault and battery. Defendants now move to dismiss plaintiff's Complaint.

II.     Discussion

   A.     Standing

Defendants assert that plaintiff lacks standing to bring a claim under 42 U.S.C. § 1983 as parent and next friend of Salazar. A Section 1983 action is a personal suit and "does not accrue to a relative, even the father of the deceased." *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982). In Section 1983 death cases, the remedy is a survival action, brought by the estate of the deceased victim. *See Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1506-07 (10th Cir. 1990).

Plaintiff brings the instant action as the parent and next friend of Salazar, and, as such, does not have standing to assert a claim under Section 1983. Any Section 1983 claims would need to be brought by the estate of Salazar. Accordingly, the Court finds that plaintiff's Section 1983 claims should be dismissed.

---

[2]Although plaintiff does not specifically state that this cause of action is brought pursuant to 42 U.S.C. § 1983, plaintiff references the Fourth Amendment to the United States Constitution, and this Court will presume that this cause of action is being brought pursuant to 42 U.S.C. § 1983.

[3]It is unclear whether this cause of action is being brought pursuant to 42 U.S.C. § 1983 or under state law.

B. State law claims

1. Compliance with the Oklahoma Governmental Tort Claims Act ("OGTCA")

City asserts that plaintiff's state law claims against it should be dismissed based upon plaintiff's failure to allege compliance with the OGTCA. In his Complaint, plaintiff does not allege that he complied with the OGTCA. Specifically, plaintiff does not allege that he presented a written claim to City, as required by Okla. Stat. tit. 51, § 156, or that the claim was denied before he filed suit, as required by Okla. Stat. tit. 51, § 157. Under the OGTCA, no action "shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim". Okla. Stat. tit. 51, § 157(B). These are jurisdictional prerequisites to a civil action governed by the OGTCA. *See Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996). Accordingly, the Court finds that based upon plaintiff's failure to allege compliance with the OGTCA, plaintiff's state law claims against City should be dismissed.

2. Negligence claim

Stark asserts that he is not a proper party to a negligence claim brought under the OGTCA. Specifically, Stark asserts that since he was acting within the scope of his employment, he cannot be named as a defendant. In his response, plaintiff states that if City takes the position that Stark's actions were not in the course and scope of his employment, plaintiff should not be precluded from maintaining a cause of action against Stark for negligence. In his reply, Stark asserts that any duty Stark owed to Salazar arose out of his employment and responsibilities as a police officer and, thus, if Stark's actions were outside the course and scope of his employment, plaintiff's negligence claim against him individually would fail because he would not have owed any duty to Salazar.

3

The OGTCA provides: "In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . . ." Okla. Stat. tit. 51, § 163(C). Thus, if Stark was acting within the scope of his employment, he cannot be named as a defendant in plaintiff's negligence claim. Further, the Court finds that if Stark was not acting within the scope of his employment, any negligence claim against him in his individual capacity would fail because any duty he would owe to Salazar would derive only from Stark's duties as a police officer. *See Cooper v. Millwood Ind. Sch. Dist. No. 37*, 887 P.2d 1370, 1375 (Okla. Civ. App. 1994) (finding that if alleged omissions were found to have been outside scope of employment, negligence claim against individual would fail because individual had no duty to act in absence of "special relationship" and "special relationship" only derives from duties as employee). Accordingly, the Court finds that plaintiff's negligence claim against Stark should be dismissed.

### 3. Assault and battery claim

Stark asserts that plaintiff's assault and battery claim is barred by the statute of limitations. Plaintiff contends that his assault and battery claim is not time barred based upon the discovery rule which tolls the limitations period until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury.

Under Oklahoma law, the statute of limitations for an assault and battery claim is one year. *See* Okla. Stat. tit. 12, § 95(A)(4). In his Complaint, plaintiff alleges that the incident in question occurred on August 24, 2014. Plaintiff, however, did not file the instant action until May 4, 2016, over one year after the incident occurred. Further, the Court finds that the discovery rule does not toll the statute of limitations in this case. Specifically, the Court finds that plaintiff knew, either on August 24, 2014 or a few days thereafter, that Salazar had been shot several times during a police

4

pursuit and, thus, plaintiff clearly knew or, in the exercise of reasonable diligence, should have known of the injury. Accordingly, the Court finds that plaintiff's assault and battery claim is barred by the statute of limitations and should be dismissed.

  C. Leave to amend

In his response, plaintiff requests that if the Court determines that the motions to dismiss are meritorious, he be granted leave of Court to amend his Complaint. In its reply, City does not oppose plaintiff's request. Having reviewed the parties' submissions, the Court finds that plaintiff should be granted leave to amend his Complaint to correct the above-referenced deficiencies regarding his Section 1983 claims and his failure to plead compliance with the OGTCA.

III. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS City's Motion to Dismiss Complaint and/or a Portion Thereof [docket no. 5], GRANTS Stark's Motion to Dismiss [docket no. 10], and GRANTS plaintiff leave to amend his Complaint as set forth above. Said Amended Complaint shall be filed within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 4th day of August, 2016.**

*[Signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE