# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BERNABE SALAZAR, JR., as Parent and )
Next Friend of MARK ANGEL SALAZAR, )
Deceased, )
                                        )
               Plaintiff, )
                                        )
vs. )      Case No. CIV-16-458-M
                                        )
THE CITY OF OKLAHOMA CITY, )
ex rel. OKLAHOMA CITY POLICE )
DEPARTMENT and RYAN STARK, )
                                        )
              Defendants. )

# ORDER

Before the Court is defendants' Motion to Dismiss Portions of Plaintiff's First Amended Complaint, filed September 7, 2016. On September 28, 2016, plaintiff filed his response. On October 5, 2016, defendant City of Oklahoma City ("City") filed its reply, and on October 6, 2016, defendant Ryan Stark filed a joinder to defendant City's reply. On March 31, 2017, defendant City filed a Notice to the Court.

I.    Introduction[1]

On August 24, 2014, Mark Salazar ("Salazar") was involved in a police pursuit. At some point during the pursuit, Stark released his law enforcement canine, and the canine attacked Salazar. In response, Salazar began to protect himself from the attack. Stark then began to shoot Salazar who was lying on the ground. Specifically, Stark fired six shots in the body of Salazar, including one in his upper left arm, four shots in his back, and one in his left thigh, which ultimately killed Salazar.

---

[1] The facts contained in this Introduction are based upon the facts alleged in plaintiff's First Amended Complaint.

On May 4, 2016, plaintiff Bernabe Salazar, Jr., the father of Salazar, filed the instant action. On August 24, 2016, plaintiff filed a First Amended Complaint alleging the following causes of action against defendants: (1) excessive force, (2) 42 U.S.C. § 1983, (3) failure to train, supervise and control, (4) negligence, and (5) infliction of emotional distress. Defendants now move to dismiss portions of plaintiff's First Amended Complaint.[2]

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does

---

[2] In their motion to dismiss, defendants assert that plaintiff has no standing to bring a § 1983 survival claim. In defendant City's Notice to the Court, defendant City advises the Court that an Order for Letters of Special Administration and Letters of Special Administration have been issued in the case styled *In the Matter of the Estate of Bernabe Salazar Jr.* and that Proposition 1(a) of the motion to dismiss is now moot.

a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.   Discussion

   A.   Municipal liability

In order to establish municipal liability, a plaintiff must identify a government's policy or custom that caused the injury and that was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). Having carefully reviewed plaintiff's First Amended Complaint, the Court finds that plaintiff has failed to state a § 1983 claim against defendant City. Specifically, the Court finds that plaintiff has not set forth sufficient facts showing the City had a policy or custom that caused plaintiff's injury. In his First Amended Complaint, plaintiff does not allege any specific policy or custom or allege how said policy or custom caused plaintiff's injury. Plaintiff's First Amended Complaint simply sets forth conclusory allegations. Accordingly, the Court finds that plaintiff's § 1983 claim against defendant City should be dismissed.

   B.   Failure to train, supervise, and control

In his First Amended Complaint, plaintiff asserts a failure to train, supervise, and control cause of action against defendant City. Having reviewed plaintiff's First Amended Complaint, the Court finds that plaintiff has failed to state a claim for failure to train, supervise, and control against

3

defendant City. In his complaint, plaintiff sets forth absolutely no factual allegations to support this cause of action. Specifically, plaintiff does not allege how defendant City failed to train, supervise, and control defendant Stark or how this failure to train, supervise, and control caused the death of Mark Salazar. Plaintiff simply sets forth the following conclusory allegations:

> 38. At all times relevant hereto, Ryan Stark was employed as a law enforcement officer with the Oklahoma City Police Department.
> 39. That Defendant, the City of Oklahoma ex rel. Oklahoma City Police Department failed to train, supervise and control its employees, agents and servants which resulted in Mark Salazar's murder.

First Amended Complaint at ¶¶ 38-39. Accordingly, the Court finds that plaintiff's failure to train, supervise, and control cause of action against defendant City should be dismissed.

    C.    <u>Infliction of emotional distress</u>

Defendant City asserts that plaintiff's intentional infliction of emotional distress cause of action against defendant City should be dismissed because such an action would negate the "good faith" requirement in the definition of scope of employment. In his response, plaintiff contends that the intentional infliction of emotional distress cause of action is being brought against defendant Stark and that plaintiff is asserting an alternative cause of action for negligent infliction of emotional distress against defendant City. Having reviewed the parties' submissions, as well as the First Amended Complaint, the Court finds that any cause of action against defendant City for intentional infliction of emotional distress should be dismissed but that any cause of action against defendant City for negligent infliction of emotional distress should not be dismissed.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants' Motion to Dismiss Portions of Plaintiff's First Amended Complaint [docket no. 27] as follows:

(A) The Court GRANTS the motion to dismiss as to plaintiff's § 1983 cause of action against defendant City, plaintiff's failure to train, supervise, and control cause of action against defendant City, and plaintiff's intentional infliction of emotional distress cause of action against defendant City and DISMISSES said causes of action, and

(B) The Court DENIES the motion to dismiss as to plaintiff's negligent infliction of emotional distress cause of action against defendant City.

**IT IS SO ORDERED this 12th day of June, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE